U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 26 2017

TONY R. MOORE, CLERK
BY: _____
    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JOSHUA PAUL VEROLINE | * | CIVIL ACTION NO. 2:08-CV-00467 |
| v. | * | JUDGE JAMES T. TRIMBLE, JR. |
| HAROLD PEARSON | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Want of Prosecution (Rec. Doc. 43) filed by the defendant, the Louisiana Patient's Compensation Fund (LPCF). The plaintiff has not filed a response. For the following reasons, the Motion to Dismiss for Want of Prosecution (Rec. Doc. 43) will be **GRANTED**, and this matter will be dismissed with prejudice.

## FACTS & PROCEDURAL HISTORY

In 2008, the plaintiff Joshua Paul Veroline filed this action in state court alleging that Dr. Harold W. Pearson committed medical malpractice.[1] Dr. Pearson removed the matter,[2] and in 2009, LPCF filed an intervenor complaint to intervene on behalf of Dr. Pearson.[3] In December 2009, after LPCF filed a Suggestion of Bankruptcy as to Dr. Pearson[4] and moved to stay the proceedings,[5] the court granted the requested relief.[6] Dr. Pearson filed for bankruptcy in the

---

[1] Compl. (Rec. Doc. 1-2).

[2] Removal (Rec. Doc. 1).

[3] Intervenor Compl. (Rec. Doc. 28).

[4] Suggestion of Bankruptcy (Rec. Doc. 39).

[5] Motion to Stay (Rec. Doc. 40).

[6] Order (Rec. Doc. 41).

1

Eastern District of Pennsylvania,[7] and a discharge of debtor was filed on January 25, 2010.[8] The first party filing since the proceeding was stayed is the current Motion to Dismiss. LPCF moves to dismiss the case with prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b).

## LAW & ANALYSIS

"Rule 41(b) allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute."[9] If the prescriptive period has run and the plaintiff would be barred from filing suit against the defendant after dismissal of the claims, any dismissal would be deemed a dismissal with prejudice.[10] To dismiss an action with prejudice under Rule 41(b), the plaintiff must demonstrate "a clear record of delay or contumacious conduct" and the court must find that "lesser sanctions would not serve the best interests of justice."[11] Additionally, while not required in every case, aggravating factors must usually be found.[12] These factors include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay[;] the degree of actual prejudice to the defendant[;] and whether the delay was the result of intentional conduct."[13] A clear record of delay can be shown by significant periods of inactivity by the plaintiff.[14]

---

[7] *In re: Harold W. Pearson*, 09-16538-sr, (E.D. Penn.).

[8] *See* Order (Rec. Doc. 43-2).

[9] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (citations omitted).

[10] *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006).

[11] *Id.* (citation omitted).

[12] *Id.* at 418.

[13] *Id.* (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982)).

[14] *See Ramsay v. Bailey*, 531 F.2d 706, 708–09 (5th Cir. 1976).

Here, the court determines that the plaintiff's complaint should be dismissed based on the court's inherent authority to *sua sponte* dismiss under Rule 41(b) and the intervenor defendant's motion. Any dismissal of the case would be a *de facto* dismissal with prejudice because the prescriptive period for the medical malpractice claim has run.[15] Therefore, the court must consider whether the plaintiff has demonstrated a clear record of delay and whether lesser sanctions would serve the interests of justice.[16] A clear record of delay is established because the plaintiff has been inactive for nearly eight years.[17] Additionally, the court finds that dismissal would best serve the ends of justice because of the length of inactivity. Also based on the period of inactivity, the court determines that dismissal with prejudice is warranted without considering whether aggravating factors are present.

## CONCLUSION

For the reasons explained above and noting the absence of a response by Plaintiff, the intervenor's Motion to Dismiss for Want of Prosecution (Rec. Doc. 43) will be **GRANTED**, and this matter will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 26th Day of July, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[15] *See Sealed Appellant*, 452 F.3d at 417. The claim at issue here would have been discovered at the latest in May 2007, Compl. (Rec. Doc. 1-2), ¶ 16, and Louisiana has a 3 year prescriptive period on medical malpractice claims, *see Borel v. Young*, 989 So. 2d 42, 57 (La. 2007), on reh'g (July 1, 2008).

[16] *Id.* (citation omitted).

[17] *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (determining that 22 months of inactivity was a significant period that warranted dismissal for failure to prosecute).